**Juan Martin CASTILLO–PRECIADO; Griselda Castillo, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76743.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Juan Martin Castillo–Preciado, Bakersfield, CA, pro se.

Griselda Castillo, Bakersfield, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Juan Martin Castillo–Preciado and Griselda Castillo, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We dismiss the petition for review to the extent it challenges the July 22, 2004 order because the instant petition is timely only

** This disposition is not appropriate for publication and may not be cited to or by the

as to the BIA's order denying Petitioners' motion to reopen. *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review must be filed no later than 30 days after the final order of removal); *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

The BIA did not abuse its discretion in denying the motion to reopen because Petitioners' failure to depart within the voluntary departure period rendered them ineligible for the relief they sought. *See* 8 U.S.C. § 1229c(d); *de Martinez*, 374 F.3d at 762–64 (holding that a motion to reopen filed after the voluntary departure period expired did not toll the voluntary departure period).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**